UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:17-CR-00012-23-JRG-CRW |
| | ) | |
| QUINTON DEWITT HATCHER | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Quinton DeWitt Hatcher's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. 1202]. The Federal Defender Services of Eastern Tennessee ("FDSET") has reviewed Defendant's motion and notified the Court that it does not intend to file additional pleadings. [Doc. 1278]. The United States responded in opposition. [Doc. 1279]. For the reasons discussed below, Defendant's motion will be **DENIED**.

### I.  BACKGROUND

In December 2017, Defendant pled guilty to three counts: conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). [Docs. 545, 563]. At sentencing, Defendant qualified as a career offender with a guideline range of 322 to 387 months' imprisonment. [Doc. 793]. However, the Court sentenced him to a lesser term of 240 months. [Docs. 792]. Defendant's projected release date is in December 2033. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (accessed November 14, 2025).

### II.  DISCUSSION

Case 2:17-cr-00012-JRG-MCLC   Document 1290   Filed 11/18/25   Page 1 of 4
PageID #: 16507

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), a district court is authorized to reduce a defendant's sentence if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).[1]

Here, Defendant cites three reasons that he believes his circumstances are extraordinary and compelling. First, he asserts that if he were sentenced under current law, he would not be deemed a career offender and would have received a lesser sentence. [Doc. 1202 at 4]. In support of this argument, he points to a November 2023 amendment to the compassionate release guideline purportedly authorizing courts to consider nonretroactive changes in the law as a basis for compassionate release. [*Id.* at 2–3]. As the United States points out, under Sixth Circuit precedent post-sentencing legal developments are not an extraordinary and compelling for a sentence reduction. *See United States v. McCall*, 56 F.4th 1048, 1066 (6th Cir. 2022) (*en banc*); *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021). In November 2023, the Sentencing Commission did amend the compassionate release policy statement to allow for consideration of nonretroactive

---

[1] Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Defendant shows that he requested compassionate release from his warden and was denied, thereby satisfying the exhaustion requirement. [Doc. 1202 at 9–12].

changes in the law when a defendant has an "usually long sentence." *See* U.S.S.G. § 1B1.13(b)(6). However, the Sixth Circuit recently held that this amendment violates the separation of powers and is therefore invalid.[2] *United States v. Bricker*, 135 F.4th 427, 430, 438 (6th Cir. 2025). § 1B1.13(b)(6). Accordingly, the fact that Defendant might have received a lesser sentence under current law does not provide a basis for a sentence reduction under § 3582(c)(1)(A).

Second, Defendant contends that compassionate release is warranted because he is the only available caregiver for his children, whose mother is now deceased. [Doc. 1202 at 5, 14]. Under the Sentencing Commission policy statement, the death or incapacitation of the caregiver of the defendant's minor child can serve as a basis for compassionate release. U.S.S.G. § 1B1.13(b)(3)(A). However, Defendant has not provided any information about his children or documentation to support this claim.[3] Therefore, while the Court sympathizes with Defendant's family situation, the Court cannot find that this circumstance is extraordinary and compelling.

Finally, Defendant contends that his rehabilitative efforts warrant his release. [Doc. 1202 at 4]. Records from the Bureau of Prisons show that while incarcerated, Defendant has earned his GED, completed multiple educational programs, and is employed by UNICOR. [Doc. 1279 Ex. 3, 4]. The Court is impressed by Defendant's accomplishments. However, Congress has decided that rehabilitation alone is not extraordinary and compelling. 28 U.S.C. § 994(t). Accordingly, while the Court commends Defendant on his progress, and hopes that he will continue to participate in UNICOR and take advantage of BOP programming, his rehabilitation is not extraordinary and compelling for the purposes of § 3582(c)(1)(A).

---

[2] Even if the U.S.S.G. § 1B1.13(b)(6) were valid, it would not afford Defendant relief because under that provision, changes in the law may only be considered when the defendant has served at least ten years in custody. And Defendant has not yet served ten years.

[3] Based on the Presentence Report, Defendant has two children who were 9 and 11 years old at the time of sentencing in February 2018, and therefore would now be approximately 16 and 18 years old. [*See* Doc. 706 ¶ 71].

## III. CONCLUSION

Because Defendant has not established extraordinary and compelling circumstances warranting a sentence reduction, his motion for compassionate release [Doc. 1202] is **DENIED**.

So ordered.

ENTER:

                                              s/J. RONNIE GREER
                                   UNITED STATES DISTRICT JUDGE