UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:17-CR-00012-23-JRG-CRW |
| | ) | |
| QUINTON DEWITT HATCHER | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Quinton DeWitt Hatcher's second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. 1298]. The Federal Defender Services of Eastern Tennessee reviewed Defendant's motion and notified the Court that it does not intend to file additional pleadings. [Doc. 1303]. The United States filed a motion for extension of time to file a response [Doc. 1305] and response in opposition [Doc. 1306]. Defendant then filed a supplement to his motion. [Doc. 1307].

As an initial matter, the United States's motion for extension [Doc. 1305] is **GRANTED** and the Court accepts the United States's response as timely filed. For the reasons discussed below, Defendant's motion will be **DENIED**.

## I.    BACKGROUND

In December 2017, Defendant pled guilty to three counts: conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). [Docs. 545, 563]. At sentencing, Defendant qualified as a career offender with a guideline range of 322 to 387 months' imprisonment. [Doc. 793]. However, the Court sentenced him to a lesser term of 240 months. [Doc. 792 at 2].

In November 2025, Defendant filed his first motion for compassionate release. [Doc. 1202]. The Court denied the motion because Defendant did not provide any extraordinary and compelling reasons to reduce his sentence. [Doc. 1290].

In March 2026, Defendant filed his second motion for compassionate release, [Doc. 1298], which he subsequently supplemented with a letter to the Court [Doc. 1307]. He has a projected release date of December 25, 2033. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (accessed July 14, 2026).

## II.   DISCUSSION

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), a district court is authorized to reduce a defendant's sentence if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).[1]

Here, Defendant provides two reasons that he believes compassionate release is warranted. First, he asserts that "[he] is needed to be the primary caregiver of [his] children since the death of

---

[1] In order to obtain compassionate release, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). As the United States points out, Defendant has not shown that he satisfied the exhaustion requirement. [Doc. 1306 at 3]. While the Court cannot grant an unexhausted claim for compassionate release, the Court may deny such a claim on the merits. *United States v. Williams*, 987 F.3d 700, 702 (7th Cir. 2021).

2

their mother." [Doc. 1298 at 6]. In support of this claim, Defendant submits the 2024 death certificate for the mother of his children [Doc. 1298-4] and letters from the children's maternal grandmother and other family members [Doc. 1298-3]. Under the Sentencing Commission policy statement, the death or incapacitation of the caregiver of the defendant's minor child can serve as a basis for compassionate release. U.S.S.G. § 1B1.13(b)(3)(A). However, as the United States points out, Defendant fails to show that his children—only one of whom is still a minor—are without a caregiver. Moreover, the letter from their maternal grandmother indicates that she and her husband have been providing a stable home for Defendant's children since their mother's passing and are "committed to continuing to care for [them]." [Doc. 1298-3]. Hence, Defendant has not demonstrated that he is needed as the primary caregiver for a minor child.

Second, Defendant contends that he is needed to serve as "the primary caregiver of [his] ailing mother." [Doc. 1298 at 6]. In support of this claim, he provides medical records showing that his mother suffers from congestive heart failure, hypertension, chronic obstructive pulmonary disease, and other ailments. [Doc. 1299]. He also provides a letter from his mother, stating that she is 61 years old, has "a whole lot of illnesses," and needs Defendant to "take care of [her]." [Doc. 1293-3 at 12]. A defendant may establish an extraordinary and compelling reason for release when his parent is incapacitated and he is the only available caregiver. USSG § 1B1.13(b)(3)(C). "Incapacitated" typically means that the parent is "completely disabled," unable to "carry on any self-care," or "totally confined to a bed or chair." *United States v. Sharp*, No. 3:09-CR-72-TAV-DCP-1, 2025 LX 174881, at *7–8 (E.D. Tenn. June 10, 2025) (internal quotation marks omitted). Here, Defendant shows that his mother is in poor health. And the Court sympathizes with her situation. However, Defendant has not established that his mother is incapacitated. Therefore, Defendant's desire to serve as her caregiver is not an extraordinary and compelling reason for

reducing his sentence.

## III.    CONCLUSION

As noted above, the United States's motion for extension [Doc. 1305] is **GRANTED**. Because Defendant has not established extraordinary and compelling circumstances warranting a sentence reduction, his motion for compassionate release [Doc. 1298] as supplemented [Doc. 1307] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4